D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOSE RESTREPO,

              **Plaintiff,**

  v.

**120 EAST 56TH STREET RESTAURANT CORP. d/b/a MONTEBELLO RISTORANTE ITALIANO, and ZDRAVKO BOZIC,**

              **Defendants.**
-------------------------------------------------------x

**COMPLAINT**

**CASE NO.:**

Plaintiff Jose Restrepo alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant 120 East 56th Street Restaurant Corp. is a New York corporation that owns and operates Montebello Ristoränte Italiano ("Montebello"), a restaurant located in Manhattan.

5. Upon information and belief, 120 East 56th Street Restaurant Corp. has an annual gross volume of sales in excess of $500,000.

6. 120 East 56th Street Restaurant Corp. is owned and operated by Defendant Zdravko Bozic.

7. Defendant Bozic exercises sufficient control of the restaurants' day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

8. Defendants Bozic has the power to and hire and fire employees and control their conditions of employment.

9. Defendant Bozic controls employees' schedules and rates of pay.

10. To the extent that employment records are kept for employees, Defendant Bozic is involved in maintaining those records.

11. Plaintiff Jose Restrepo wäs employed as a busser by Defendants from November 2014 until February 2015 and from June 2016 until August 5, 2016.

## FACTS

12. Defendants committed the acts alleged in this Complaint knowingly, intentionally and willfully.

13. Defendants knew that nonpayment of the overtime premium would economically injure Plaintiff and violated federal and state laws.

2

14. Throughout Plaintiff's employment with Defendants, Plaintiff worked every day of the week except for Tuesdays.

15. Plaintiff's scheduled hours were from 11 am to 12 pm, six days per week, with a one hour lunch break each day.

16. Plaintiff's weekly scheduled hours were roughly 72 hours per week.

17. Plaintiff often had to work past his scheduled hours, depending on how long customers stayed.

18. Each week, Defendants paid Plaintiff $7.50 per hour for the first 40 hours of work, or $300, on a paycheck.

19. Defendants did not pay Plaintiff any additional money per week.

20. In addition, Defendants did not pay Plaintiff an extra hour's pay at the New York minimum wage when his workdays lasted longer than 10 hours.

21. As such, Defendants did not pay Plaintiff for all of his hours worked, even at the foodservice workers' minimum wage of $5 per hour.

22. In any event, Defendants were not entitled to pay Plaintiff under the foodservice workers' minimum wage, because they did not give him proper notice of the tip credit.

23. Defendants did not pay Plaintiff at all for hours Plaintiff worked in excess of 40 per workweek.

24. Defendants wrongfully withheld large portions of Plaintiff's tips, in violation of NYLL § 196-d.

25. Plaintiff's weekly wage statements were insufficient under NYLL 195(3), as they did not contain, *inter alia*, his correct hours worked, his actual pay, and/or the application of any tip credit toward the minimum wage.

26. Plaintiff also did not receive a proper written notice and acknowledgement of his pay rate as required by New York Labor Law § 195(1). For example, the notice Plaintiff received at the beginning of his employment did not include any notice of his payday.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)

27. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

28. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff.

29. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

30. Plaintiff seeks damages in the amount of his unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

31. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

32. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

33. At all relevant times, Defendants had operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of

willfully failing and refusing to pay Plaintiff at one and one half times his regular hourly rate for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations, even though Plaintiff had been entitled to overtime.

34. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times his regular rate for hours worked in excess of forty (40) hours per workweek.

35. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**

36. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

37. Defendants knowingly failed to pay Plaintiff the New York State minimum wage.

38. Defendants did not pay Plaintiff the New York minimum wage for all hours worked.

39. Defendants' failure to pay Plaintiff the New York minimum wage was willful.

40. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FOURTH CLAIM FOR RELIEF**
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)**

41. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

42. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

43. Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times his regular rate for hours worked in excess of forty (40) hours per workweek.

44. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)

45. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

46. Defendants did not provide Plaintiff with the correct notices and/or statements required by N.Y. Lab. Law § 195.

47. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## SIXTH CLAIM FOR RELIEF
### (Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d)

48. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

49. Defendants retained gratuities paid by their customers and illegally shared gratuities among managerial employees and other employees ineligible to participate in the tip pool.

50. Plaintiff seeks damages in the amount of his respective withheld gratuities, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SEVENTH CLAIM FOR RELIEF
(New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*,
N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6)

51. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

52. Plaintiff had workdays that lasted more than ten (10) hours.

53. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when Plaintiff's workday lasted more than ten (10) hours, as required by New York law.

54. As a result of Defendant' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

E. Pre-judgment and post-judgment interest, as provided by law; and

F.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       February 2, 2017

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*